■ LA BARBERA CONTRACTING CO., INC., et al., Respondents, v. CITY SCHOOL DISTRICT OF NEW ROCHELLE et al., Defendants. SOLOMON & ROSENBAUM, Respondents, v. CITY SCHOOL DISTRICT OF NEW ROCHELLE, Defendant, and BERNARD ASSOCIATES NO. 3, INC., Appellant.— In a special proceeding to relieve and discharge the petitioners as attorneys of record in a commercial action, the client, Bernard Associates No. 3, Inc., appeals from orders of the Supreme Court, Westchester County: (a) an order entered April 13, 1965, which after a hearing granted the application, established petitioners' fee, and fixed an attorneys' lien; (b) an intermediate order, entered February 26, 1964, which had referred the application to a Justice to hear and determine; and (c) an order entered June 4, 1964, which only partially granted petitioner's motion to quash the client's subpœna duces tecum. The client purports to appeal also from the denial of its motion for a new hearing. Order of February 26, 1964 affirmed, without costs. Order of June 4, 1964 reversed and motion denied, without costs. Order of April 13, 1965 reversed, without costs, and petitioners' application remitted to the Special Term for the purpose of (1) holding a further hearing on the issue of whether the termination of the attorney-client relationship was the result of the client's justifiable discharge of petitioners or of petitioners' justifiable withdrawal therefrom; and (2) for the making of a determination *de novo*. The subpœna duces tecum which is printed in the record on appeal shall be deemed to have been served upon petitioners for the purposes of such new hearing at which petitioners shall produce the records, files, documents and papers specified therein. Prior to such hearing, petitioners shall deliver to the client's present attorneys the legal file in the action specified in said order of April 13, 1965 within three days after the client, on notice to petitioners, shall have filed a surety company undertaking for $1,000 to secure payment by it on account or in full of the amount of compensation, if any, to

which petitioners may be found on such new hearing to be entitled for legal services rendered by them as attorneys of record for the client in said action. Appeal from denial of motion for a new hearing dismissed, without costs. No appeal lies from a mere decision; no order thereon is printed in the record; and, in any event, had an order thereon been entered, the appeal therefrom would have been dismissed as academic in view of our disposition of the appeals from the other orders. Any determination of whether petitioners' discharge was justified must follow an examination into the entire attorney-client relationship between the parties. It follows that the order partially quashing the subpœna duces tecum was improper. The value of the petitioners' retaining lien will not be destroyed by the production of the legal files requested in that subpœna upon the new hearing to which they are party under the supervision of the trial judge. Beldock, P. J., Ughetta, Hill and Benjamin, JJ., concur; Rabin, J. not voting.